Scarborough et al. *v.* Native Lumber Co.

[79 South. 84, Division B.]

Adverse Possession. *Presumptions of grant.*

Where in a suit to confirm title to land, complainant proves possession of the land for fifty years and a perfect chain of title back to an uncle of original patentee in 1861, a presumption arises in the absence of proof to the contrary that there was a lost deed from the patentee to the uncle supplying the broken link in the chain of title.

Appeal from the chancery court of Harrison county. Hon. W. M. Denny, Jr., Chancellor.

Suit by the Native Lumber Company against J. L. Scarborough and others. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*W. E. Morse* and *J. M. Morse,* for appellant.

*White & Ford,* for appellee.

Stevens, J., delivered the opinion of the court.

Appellee, the Native Lumber Company, filed its bill of complaint against L. L. Scarborough and other parties, descendants and relatives of one Abraham Scarborough, deceased, to confirm the title to six forty-acre tracts of land in Harrison county. Under the pleadings and proof appellee company

claims under an unbroken chain of title from Alexander Scarborough and wife in 1861. Appellant claims through deeds executed by the descendants and relatives of Abraham Scarborough, to whom the land was patented by the state of Mississippi in 1860. Appellant L. L. Scarborough is a brother of Abraham Scarborough and claims some interest by inheritance. He also claims by deeds executed by various descendants of Abraham Scarborough, and he now claims to be the owner of an undivided 2053/2160 interest. In addition to appellee's claim of ownership by conveyances dated back to Alexander Scarborough and wife in 1861, it relied upon adverse possession and offered testimony tending to show that it and its predecessors in title had been in actual adverse possession of the land for the required statutory period. There was testimony that appellee and its predecessors had claimed the land, had it assessed for taxes, and had paid all taxes due thereon since 1860. There was a decree confirming appellee's title, and from this decree appellant appeals.

It is contended by appellant that the proof is insufficient to establish adverse possession. In the disposition of this appeal we need not determine whether the proof in all of its essential details arises to that degree necessary to prove title by adverse possession. It is undisputed that for a period of approximately fifty-four years appellee and its predecessors in title have laid claim to the land, have paid taxes on it, cut timber therefrom, and for many years used the standing pine timber for turpentine purposes and operated turpentine orchards on the lands in question. It further appears that Alexander Scarborough was an uncle of Abraham Scarborough, the orignal patentee, and that both Abraham and Alexander Scarborough and other persons that would likely have actual knowledge of any transaction between Abra-

ham and Alexander Scarborough in reference to these lands have long since died. In the absence of any proof to the contrary, the court, after the lapse of half a century, should indulge the presumption that there was a proper conveyance from Abraham Scarborough to his relative Alexander Scarborough, and the necessary deed connecting this broken link in the chain should be presumed. In the light of all the proven facts, this is a typical case in which the presumption of a lost deed should be applied. The case falls clearly under the ruling of this court in *Caruth v. Gillespie et al.,* 109 Miss. 679, 68 So. 927; *Hewling v. Blake,* 110 Miss. 225, 70 So. 247; *Native Lumber Co. v. Elmer,* 78 So. 703; and the authorities discussed in the opinions rendered in said cases. There is evidence tending to show that L. L. Scarborough had notice of the chain of title under which appellee claims and acquiesced therein. The descendants of this Abraham appear to be as numerous as the sands of the seashore, but appellant industriously obtained conveyances from the various alleged owners for the purpose of litigating with appellee. Under our view of this case we need not discuss in detail the testimony, which the chancellor thought sufficient to establish adverse possession.

*Affirmed.*